**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW BEVEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOUD AUDIO, LLC,<br><br>Defendant. | Case No. CV 25-4352 FMO (SKx)<br><br><br>**ORDER RE: PENDING MOTION** |

Having reviewed and considered all the briefing filed with respect to Loud Audio, LLC's ("defendant") Motion to Dismiss (Dkt. 53, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment. See Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (noting that where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend]

when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

On December 25, 2024, plaintiff purchased defendant's Mackie CR3-XBT-3 speakers, which were delivered on December 30, 2024. (Dkt. 41, First Amended Complaint ("FAC") at ¶ 12). Plaintiff alleges that defendant's warranty for the speakers began on the purchase date rather than the delivery date, and as a result, plaintiff did not receive "the full length of the warranty which he was entitled to under the law." (Id. at ¶¶ 16-18). On September 18, 2025, plaintiff filed the operative FAC asserting two causes of action: (1) violation of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code §§ 1790, et seq.; and (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq. (See id. at ¶¶ 44-68). According to plaintiff, defendant "has a uniform warranty policy by which all product warranties are commenced on the date of purchase, and not the date of delivery." (Id. at ¶ 27). Plaintiff further contends that "[t]his strategic decision short-changes consumers the full length and value of their warranties[,]" (id.), and "creates a chilling effect which prevents consumers who would otherwise have valid warranty claims from pursuing them." (Id. at ¶ 30). Defendant now moves to dismiss the FAC, asserting that plaintiff lacks Article III standing and has failed to allege sufficient facts to state a claim because he has not alleged any damages. (See Dkt. 53, Motion at 1).

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408, 133 S.Ct. 1138, 1146 (2013). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." Id. (internal quotation marks omitted). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004).

Article III requires a plaintiff to show that he or she: "(1) . . . has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;

(2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc., 528 U.S. 167, 180-81, 120 S.Ct. 693, 704 (2000); Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 125, 134 S.Ct. 1377, 1386 (2014) ("The plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision.") (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992)). "[A] plaintiff must demonstrate standing separately for each form of relief sought." Friends of the Earth, 528 U.S. at 185, 120 S.Ct. at 706.

Defendant asserts that plaintiff has not alleged an injury in fact sufficient to confer standing because plaintiff has not alleged that the Mackie CR3-XBT-3 speakers "even malfunctioned[,]" "that he [] submitted a warranty claim of any kind[,]" or that any warranty claim was denied as untimely. (Dkt. 53-1, Motion at 5). However, plaintiff alleges that by "cutting short" and "prematurely voiding" his warranty, defendant "eliminated several days' worth of Plaintiff's warranty." (Dkt. 41, FAC at ¶ 22). According to plaintiff, because he and putative class members "lost a pro-rata portion of the value of their warranties[,] this has "reduced [the] value of [their] products[]" and caused economic harm. (See id. at ¶¶ 52-53). Based on these allegations, the court is persuaded that plaintiff's economic injury is sufficient for Article III standing.[1] See, e.g., Itzhak v. Keurig Dr Pepper, Inc., 2025 WL 2020029, *5 (C.D. Cal. 2025) ("While the difference in value between a coffeemaker with a 365-day warranty versus a coffeemaker with a 363-day warranty may be very small, Plaintiff [] has alleged facts sufficient to show that he suffered that economic injury."); Tevis v. Dyson Direct, Inc., 2025 WL 2142939, *3 (E.D. Cal. 2025) (finding that plaintiff had standing when warranty was shortened by eight days).[2]

---

[1] Because the court finds that plaintiff has sufficiently alleged an economic injury, it is unnecessary to address defendant's arguments that plaintiff lacks standing under either a benefit-of-the-bargain theory, or an overpayment or price premium theory. (See Dkt. 53-1, Motion at 7-12).

[2] The parties cited to a number of district court decisions that are split on whether a "shorted" warranty suffices to allege an injury in fact for Article III standing. Compare Kolar v.

Defendant further asserts that plaintiff fails to state a claim because the Song-Beverly Act and the UCL "both require that Plaintiff have suffered actual damages[.]" (See Dkt. 53-1, Motion at 12). Defendant relies on its standing analysis to argue that plaintiff has failed to allege "a loss of money or property[]" or "any damages at all[.]" (Id.). As the court concluded above, plaintiff has sufficiently alleged an economic injury – and thus actual damages – by alleging that the "shorted" warranty reduced the value of both the warranty and the speakers themselves. (See Dkt. 41, FAC at ¶ 22). There is no question that "[a] 365-day warranty is more valuable than a 360[-]day warranty." (Id. at ¶ 20).

Based on the foregoing, IT IS ORDERED THAT:

1.  Defendant's Motion to Dismiss **(Document No. 53)** is **denied**.

2.  Defendant shall file its Answer to the First Amended Complaint no later than **December 10, 2025**.

Dated this 25th day of November, 2025.

/s/
Fernando M. Olguin
United States District Judge

---

Nespresso USA, Inc., 2025 WL 1717279, *5 (C.D. Cal. 2025) (finding that plaintiff lacked standing for shorting of his warranty), and Borowsky v. Hamilton Beach Brands, Inc., 788 F.Supp.3d 1092, 1096 (N.D. Cal. 2025) (same), with Itzhak, 2025 WL 2020029, at *5 (finding plaintiff alleged facts sufficient to show standing), and Tevis, 2025 WL 2142939, at *2 (same). Neither party contends, nor has the court found through its own research, that the Ninth Circuit has resolved this issue. Tevis, 2025 WL 2142939, at *2 ("The Ninth Circuit has seemingly not addressed the question of whether an allegedly shortened warranty satisfies standing."). Accordingly, the authorities cited in the parties' papers constitute persuasive authority and are not binding on the court.